IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OMAR ARNOLD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:12-cv-2398-KOB-MHH |
| ) | |
| WARDEN ESTETS, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner Omar Arnold ("Mr. Arnold"), a state court prisoner, moves the Court for permission to amend his pending § 2254 habeas petition. (Doc. 8). Mr. Arnold wishes to add claims against state actors for due process violations. As discussed in greater detail below, the undersigned magistrate judge finds that the proposed amendment would be futile because Mr. Arnold's new claims are untimely. Therefore, the undersigned magistrate judge recommends that the Court deny Mr. Arnold's motion to amend his § 2254 petition.

I.    **Background**

In January, 2010, Mr. Arnold plead guilty in state court to marijuana trafficking charges. He is serving a life sentence. (Doc. 1, p. 8). Mr. Arnold did not appeal his sentence. (Doc. 4-5, p.1).

On September 29, 2010, Mr. Arnold filed a state post-conviction petition

pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 1, p. 8).[1]

The trial court dismissed Mr. Arnold's Rule 32 petition for procedural default, and the Alabama Court of Criminal Appeals affirmed the dismissal on February 3, 2012. (Doc. 4-5). The appellate court denied Mr. Arnold's request for rehearing and issued a Certificate of Judgment on April 4, 2012. (Docs. 4-6, 4-7).

Mr. Arnold filed this federal habeas petition on June 27, 2012. (Doc. 1).[2] In it, he contends that his trial counsel was ineffective and coerced him to plead guilty. (Doc. 1, pp. 11-16). Four months later, on October 31, 2012, Mr. Arnold asked the Court for leave to amend his petition to add due process claims. (Doc. 8). Mr. Arnold contends that "state actors did not have statutory or constitutional authority to prosecute his person." (Doc. 8).

On this record, the undersigned magistrate judge considers Mr. Arnold's motion to amend.

## II. Discussion

---

[1] The state court clerk docketed Mr. Arnold's Rule 32 motion on October 7, 2010 after the state court granted Mr. Arnold's motion to proceed *in forma pauperis*. (Doc. 1, p. 8).

[2] On June 27, 2012, Mr. Arnold signed and dated his habeas petition. (Doc. 1, p. 7). On July 6, 2012, the Court docketed Mr. Arnold's habeas petition for relief from his state court conviction. The Court deems the petition filed on June 27, 2012, the day that Mr. Arnold gave his petition to prison authorities for mailing. *Ellis v. Hooks*, 219 Fed. Appx. 865, 867 (11th Cir. 2008) ("A *pro se* prisoner's collateral action is deemed filed in federal court on the date it is delivered to prison authorities for mailing . . . Absent state-presented evidence to the contrary, such as a prison mail log, we will presume that the petition was delivered to prison authorities on the date the petitioner signed it.") (citations omitted).

Generally, habeas petitions "may be amended... as provided by the rules of procedure applicable to civil actions."  28 U.S.C. §2242; *see also* Rule 12, Rules Governing §2254 Cases.  Rule 15 of the Federal Rules of Civil Procedure governs proposed amendments to a complaint.  Because Mr. Arnold filed his motion to amend his petition four months after he submitted his initial petition, he may amend his petition "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2).  Although the Court should freely allow amendments "when justice so requires," the reach of Rule 15 is limited in a habeas proceeding when an amendment would be inconsistent with an applicable federal statutory provision.  Fed. R. Civ. P. 15(a)(2); *Williams v. Chatman*, 510 F. 3d 1290, 1293 (11th Cir. 2007) ("The Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are 'not inconsistent with applicable federal statutory provisions.'") (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)).

Here, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) constrains Mr. Arnold's attempt to amend his habeas petition.  Under AEDPA, a petitioner must file his habeas petition within the one-year limitations period.  28 U.S.C. § 2244(d)(1)(A); *Farris v. United States*, 333 F.3d 1211, 1214 (11th Cir.

2003).[3] Therefore, a petitioner must complete an amendment to his habeas petition before the one-year statute of limitations expires. *See Zack v. Tucker*, 704 F.3d 917 (11th Cir. 2013).

Mr. Arnold filed his motion to amend his habeas petition after the one-year statute of limitations expired. His marijuana trafficking conviction became final on March 8, 2010, triggering the start of the one-year period in which Mr. Arnold could file a federal habeas petition. (Doc. 1, p. 3). Mr. Arnold filed his state post-conviction petition 205 days later on September 29, 2010. (Doc. 4-1, p. 57). The Rule 32 petition suspended the one-year statute of limitations until the Alabama Court of Criminal Appeals issued a Certificate of Judgment affirming the denial of Mr. Arnold's state post-conviction petition on April 4, 2012. (Doc. 4-7). Thereafter, AEDPA's one-year statute of limitation resumed. It expired 160 days later on September 11, 2012. Consequently, Mr. Arnold's October 31, 2012 proposed amendment to his habeas petition is untimely.

Mr. Arnold's new claims are saved from the bar of the one-year statute of limitations only if they "relate back" to his claims in his original petition. Fed. R.

---

[3] 28 U.S.C. § 2244 states as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...

Civ. P. 15(c). "An amended claim 'relates back to the date of the original pleading' if it 'arose out of the conduct, transaction, or occurrence set forth or attempted to be st forth in the original pleading.'" *Cox v. Ferrell*, 262 Fed. Appx. 147, 149 (11th Cir. 2008) (quoting *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (in turn quoting Fed. R. Civ. P. 15(c)(2)). A new claim does not "relate back" simply because it arose from the "same general proceedings." *Id*. New claims relate back to the original claims only if they are "tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Moreover, the terms "conduct, transaction, or occurrence" do not mean the same as "trial, conviction, or sentence" for purposes of satisfying the relation back doctrine. *Id*. Thus, "Rule 15(c) [is] to be used for a relatively narrow purpose." *Farris*, 333 F.3d at 1215. It is not intended "to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts." *Id*.

    Here, Mr. Arnold seeks to amend his habeas petition to add new claims against new respondents, specifically unnamed "state actors." Mr. Arnold contends that "he has just became (sic) aware that other meritorious claims exist that reach the mustard of denial of substantive due process, in that state actors did not have statutory or constitutional authority to prosecute his person." (Doc. 8). The new claims against the state actors relate generally to Mr. Arnold's state criminal proceedings and conviction. Mr. Arnold's original petition pertains to

alleged ineffective representation by his trial counsel and his attorney's purported coercion of his guilty plea. Mr. Arnold's new claims for violations of due process do not arise from the same set of facts as the original claims for ineffective assistance of counsel and coercion.

Mr. Arnold has not demonstrated to the Court that the new claims "relate back" to his habeas petition for purposes of Rule 15(c)(2). Therefore, the undersigned magistrate judge finds that statute of limitations does not permit Mr. Arnold to amend his petition to add new claims for due process violations.

## III. Conclusion

Accordingly, the undersigned magistrate judge recommends that the Court DENY Mr. Arnold's motion to amend his petition because AEDPA's one-year statute of limitations bars his new claims.

### NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435

(1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

    Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

    Objections not meeting the specificity requirement set out above will not be considered by a district judge.

    A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made

only from a final judgment entered by or at the direction of a district judge.

Done, this the 6th day of September, 2013.

_____
MADELINE HUGHES HAIKALA
U.S. MAGISTRATE JUDGE