UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OMAR ARNOLD, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 2:12-cv-02398-KOB-SGC |
| ESTETS, Warden, et al., | ) |
| Respondents. | ) |

### MEMORANDUM OPINION

Omar Arnold, pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On August 19, 2015, the magistrate judge entered a report recommending that the court dismiss as non-cognizable Arnold's claim that the trial court improperly denied his state post-conviction petition without affording him the opportunity to prove his factual allegations; that the court deny as procedurally defaulted Arnold's ineffective assistance of counsel claims; and, in accordance with Rule 11 of the *Rules Governing Section 2254 Cases*, that the court deny a certificate of appealability. (Doc. 19). The magistrate judge gave Arnold fourteen days to file specific written objections to her report and recommendation.

The Clerk mailed a copy of the report and recommendation to Arnold at Limestone Correctional Facility, the only address Arnold provided to the court. On August 31, 2015, that mail was returned to the court as undeliverable. (Doc. 20).

The court searched the inmate locator found on the website for the Department of Corrections, and it revealed that Arnold had been moved to Alex City Work Release in Alex City, Alabama. Accordingly, by an Order dated September 2, 2015, the magistrate judge directed the Clerk to mail a copy of the report and recommendation to Arnold at his new place of incarceration. (Doc. 21). The magistrate judge afforded Arnold another fourteen days from the entry date of the September 2, 2015 Order to file objections to the report and recommendation. (*Id.*). The court received no response from Arnold until September 21, 2015, when it received an untitled document signed by Arnold and dated September 16, 2015. (doc. 22).

In that submission, he acknowledges receiving the Order (doc. 20) to send the Report and Recommendation to him at the new address, but claims he did not receive the Report and Recommendation. (Doc. 22). By his own admission, he received that Order on September 3, 2015; his response is dated September 16, 2015, the deadline for filing a response to the Report and Recommendation; and under the "mailbox rule," the document is deemed filed on the date he signed the document. The Clerk of Court mailed both the Order (doc. 21) and the Report and Recommendation (doc. 19) to Arnold on September 2, 2015. The Clerk's notation on the Docket Sheet in this case on September 2, 2015 for Document 21 indicates that "Clerk has updated

Arnold's address in this case as per what is reflected in this order and *remailed [the] Report and Recommendation*."

The court finds implausible that Arnold received one document but not the other document that were mailed to him on the same date in the *same* envelope. Moreover, the Clerk's notation on the docket sheet that she mailed the Report and Recommendation, along with Arnold's admission that he received the September 2, 2015 Order, gives a strong implication that Arnold did receive the Report and Recommendation.  The court also finds curious that Arnold waited 13 days, from the date he *received* the Order on September 3, 2015 until September 16, 2015, when he signed his latest submission, to inform the court that the envelope that the Clerk mailed to him allegedly contained *only* the Order and not the Report and Recommendation. Becauase Arnold knew he had only fourteen days from September 2, 2015 to respond with his objections, he should have informed the court *before* the last possible date to file his objections that he allegedly only received the Order.

Further, Arnold's submission raises no objections to the Report and Recommendations but states he "wish[es] to continue" and requests information on the "current situation." (Doc. 22). The Order of September 2, 2015 (doc. 21), which Arnold admits he received, gave him the "current situation" of his case—he had fourteen days from September 2, 2015 to file any objections to the Report and

3

Recommendation. Notably, Arnold does not specifically request that the court send him the Report and Recommendation or give him additional time to file objections; he simply wants to "continue." From past filings, Arnold knows that he needs to ask the court for more time to comply with the court's Orders if necessary (*see* doc. 6), but he failed to do so in this case.

The court notes that the magistrate judge's recommendations in her report are based on solid legal—not factual—grounds. As the court has reviewed this case *de novo*, it can think of nothing that Arnold could present as an objection that would change the court's application of the law in this case.

After careful *de novo* review of the record in this case and the magistrate judge's report and recommendations, the court **ADOPTS** that report and **ACCEPTS** her recommendations. Accordingly, the court finds that Arnold's claim that the trial court improperly denied his state post-conviction petition without affording him the opportunity to prove his factual allegations is due to be dismissed as non-cognizable and his ineffective assistance of counsel claims are due to be denied as procedurally defaulted. Furthermore, for the reasons set forth in the report and recommendation and pursuant to Rule 11 of the *Rules Governing*

*Section 2254 Cases*, the court finds that a certificate of appealability is due to be denied.

The court will enter a separate, final Order.

DONE and ORDERED this 28th day of September, 2015.

                                                KARON OWEN BOWDRE
                                                CHIEF UNITED STATES DISTRICT JUDGE